Julio Everardo POSSO–
LOPEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70158.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

Julio Everardo Posso–Lopez, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

The court sua sponte grants petitioner in forma pauperis status for this petition.

In 1986, an immigration judge found petitioner Julio Everardo Posso–Lopez's 1980 conviction of possession for sale of cocaine rendered him deportable pursuant to 8 U.S.C. § 1251(a)(11) (transferred to 8 U.S.C. § 1227 by Pub. L. 104–208, 110 Stat. 3009–598, § 305(a)(2) (Sept. 30, 1996)). Posso–Lopez petitions for review of the agency's 2007 reinstatement of that 1986 order.

Posso–Lopez disputes that his 1980 drug conviction was a proper basis for a finding of removeability underlying the 1986 order. However, Congress has eliminated judicial review of an underlying removal order in a petition for review of the reinstatement of an order of deportation. 8 U.S.C. § 1231(a)(5); *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 496 (9th Cir.2007) (en banc). Rather, the scope of a reinstatement inquiry involves only whether the alien (1) has illegally reentered (2) after having left the country while subject to any removal order. *See id.* at 491. Because Posso–Lopez has admitted both of these critical facts, this case is appropriate for summary disposition. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We therefore construe respondent's motion to dismiss as a motion for summary disposition of the petition for review and grant the motion.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.